UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | |
|---|---|
| **DEESHAWN CAMPBELL,** | CASE NO. 1: 16 CV 2619 |
| Plaintiff, | JUDGE CHRISTOPHER A. BOYKO |
| v. | |
| | **OPINION AND ORDER** |
| **CUYAHOGA COUNTY** | |
| **CORRECTIONS CENTER,** | |
| Defendant. | |

**CHRISTOPHER A. BOYKO, J.:**

*Pro se* Plaintiff Deeshawn Campbell has filed this civil rights action under 42 U.S.C. §1983 against the Cuyahoga County Corrections Center (the County Jail) . He complains about numerous conditions in the County Jail and contends the conditions violate civil rights of pretrial detainees.

Although *pro se* pleadings liberally construed, *Williams v. Curtin*, 631 F.3d 380 (6th Cir. 2011), Federal District Courts are expressly required to screen all actions in which a prisoner seeks redress from a governmental entity and dismiss before service any such action that the Court determines is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. *See* 28 U.S.C. §1915A; *Hill v. Lappin*, 630 F.3d 468, 471 (6th Cir. 2010).

This action must be summarily dismissed. A county jail is not a legal entity capable of being sued for purposes of a civil rights action under §1983. *See Jackson v. Mowry*, No. 1:12 CV 3083, 2013 WL 526916, at *3 (N.D. Ohio Feb. 11, 2013); *Boggs v. Miami Cty. Jail*, No. 3:11 CV 00122, 2011 WL 3813079, at *2 (S.D. Ohio Aug. 9, 2011) (a county jail "is merely an administrative vehicle" by which a county operates and therefore "lacks the capacity to be sued"), report and recommendation adopted, No. 3:11 CV 00122, 2011 WL 3813033 (S.D. Ohio Aug. 29, 2011).

Even assuming the Plaintiff's action could be construed against Cuyahoga County, as the municipal entity that operates the County Jail, his action must still be dismissed. A local government may be liable under §1983 only when its own official policy or custom inflicts the injury that forms the basis of the claim. *Monell v. Dep't of Soc. Servs.*, 436 U.S. 658, 691 (1978). The Plaintiff's allegations do not plausibly suggest that the conditions in the County Jail of which he complains were caused by a policy or custom of Cuyahoga County itself.

## Conclusion

Accordingly, the Plaintiff's Complaint fails to state a plausible claim for relief under §1983 and this action is dismissed pursuant to 28 U.S.C. §1915A. The Court further certifies, pursuant to 28 U.S.C. §1915(a)(3) that an appeal from this decision could not be taken in good faith.

**IT IS SO ORDERED.**

s/ Christopher A. Boyko
**CHRISTOPHER A. BOYKO**
**United States District Judge**

**Dated:** February 9, 2017